```
                 UNITED STATES DISTRICT COURT
                  DISTRICT OF MASSACHUSETTS

UNITED STATES                  )
                               )
                               )
        V.                     )   Cr. No. 20-10219
                               )
                               )
NIPUKTUK JOSEPH,               )
        Defendant.             )
                               )
```

<u>ORDER</u>

WOLF, D.J.                                    November 5, 2025

This matter comes before the Court on defendant Nipuktuk Joseph's <u>pro se</u> letter requesting free copies of his sentencing transcripts. Dkt. No. 173. In the letter, Joseph states that he is "currently housed at FCC Beaumount USP" and that he is "trying to take a look at [his] case." <u>Id.</u> He further states that he should be "able to get [the transcripts] for free because [he does] not have the money to pay for them." <u>Id.</u>

On April 19, 2021, defendant, represented by counsel assigned to him pursuant to the Criminal Justice Act ("CJA") (18 U.S.C. § 3006A) pled guilty to one count of conspiracy to distribute and possess with intent to distribute 40 grams or more of fentanyl (21 U.S.C. § 846) and five counts of distribution of and possession with intent to distribute fentanyl (21 U.S.C. § 841(a)(1)). Dkt. No. 80. Joseph enrolled in the RISE program, <u>see</u> Dkt. No. 92, but his participation was terminated on May 9, 2022. Dkt. No. 137. Subsequently, on November 10, 2022, defendant was sentenced to a term of imprisonment and supervised release. Dkt. No. 159. On August 14, 2024, the court declined to reduce Joseph's sentence, finding that he was not eligible for any relief under the 2023 Guidelines amendments. Dkt. No. 171.

Joseph did not file a notice of appeal and the time for doing so has passed. <u>See</u> Fed. R. App. P. 4(b)(1)(A)(i) ("[A] defendant's notice of appeal must be filed in the district court within 14 days after the later of ... the

entry of either the judgment or the order being appealed ..."). Similarly, Joseph has not filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, which has a one-year limitation period. See 28 U.S.C. § 2244(d)(1)(A)-(D).

Construing Joseph's pro se motion liberally, see Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam), the court construes the letter as a motion for free transcripts. A criminal defendant is not entitled to free copies of transcripts unless a judge certifies that the materials are required to decide issues presented in a pending, non-frivolous motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. See 28 U.S.C. § 753(f)[1] and 28 U.S.C. § 2250.[2] See e.g. United States v. Raghunathan, No. 07-4800, 288 F. App'x 2, 4 (3d Cir. 2008) ("Neither [18 U.S.C. § 3006A or 28 U.S.C. § 753(f)] ... authorize the United States to pay for a transcript where no proceeding is pending."); United States v. Jones, No. 16-20014, 2020 WL 6335996, at *1 (E.D. Mich. Oct. 29, 2020) ("Defendant is not entitled to the relief requested because there is no petition pending before this Court and the Court is not required to provide Defendant with transcripts so that he might search for new post-conviction claims."); Silvers v. United States, No. 09-134, 2010 WL 1491955, at

---

[1] "Fees for transcripts furnished in proceedings brought under section 2255 ... to persons permitted to sue or appeal in forma pauperis shall be paid by the United States out of money appropriated for that purpose if the trial judge or a circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal." 28 U.S.C. § 753(f).

[2] If a petitioner has been permitted to prosecute a petition for a writ of habeas corpus in forma pauperis, "the clerk of any court of the United States shall furnish to the petitioner without cost certified copies of such documents or parts of the record on file in his office as may be required by order of the judge before whom the application is pending." 28 U.S.C. § 2250.

\*2 (E.D. Tenn. 2010) ("There is no right to a transcript until after a nonfrivolous § 2255 motion is filed").

Based on the foregoing, the request for free transcripts is hereby DENIED.

_____
UNITED STATES DISTRICT JUDGE